## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Richmond Division

| | |
|---|---|
| IN RE: ) | |
| ) | |
| STEPHANIE DENISE FARRAR ) | Case No. 19−36098−KRH |
| ) | Chapter 13 |
| Debtor ) | |

## MOTION TO APPROVE LOAN MODIFICATION

COMES NOW, the Debtor, by counsel, and as and for Debtor's Motion to Approve Loan Modification, states as follows:

1.    The Debtor filed this case under Chapter 13 of the U.S. Bankruptcy Code on November 19, 2019.

2.    Wells Fargo Home Mortgage ("Wells Fargo") is a secured creditor of the Debtor which holds a promissory note from the Debtor ("Note") secured by a first deed of trust on the Debtor's real property at 20019 Roosevelt Avenue, South Chesterfield, VA 23834, and further described as follows (the "Property"):

> ALL that certain lot, piece or parcel of land, with all improvements thereon and appurtenances thereto belonging, lying and being in Matoaca District, Chesterfield County, Virginia, and known, numbered and designated on a plat showing subdivision of West Chesterfield Heights, made by J. W. Pugh, C.E., and duly recorded in the Clerk's Office of the Circuit Court of Chesterfield County, Virginia, in Plat Book 8, at page 49, as Lot Fifteen (15), in Block "J", reference to which plat is hereby made.

3.    The Debtor has applied for and Wells Fargo has approved a modification of the Note reducing the Debtor's monthly payment of principal, interest, and escrow on the Note from $1,261.77 to $1,064.33, decreasing the annual interest rate from 3.75% to 2.8750%, increasing

James E. Kane (VSB #30081)
KANE & PAPA, P.C.
1313 East Cary Street
Richmond, VA  23219
(804) 225-9500 (phone)
(804) 225-9598 (fax)
*Counsel for Debtor*

the unpaid principal balance from $162,340.43 to $170,899.00, extending the maturity date from February 1, 2039 to July 1, 2051, including a HUD Partial Claim of $9,928.80.  A Summary of Proposed Loan Modification is attached hereto and a copy of the Loan Modification is attached hereto as Exhibit A and is incorporated herein by this reference.

4.      The forgoing modification is in the best interest of the Debtor and will facilitate the Debtor's ability to perform under the Chapter 13 Plan filed herein.

WHEREFORE, the Debtor requests that the Court enter an Order approving the modification of the terms of the Note as stated herein and for such other relief as the Court may deem appropriate.

STEPHANIE DENISE FARRAR

By: /s/ James E. Kane_____
                    Counsel

James E. Kane (VSB #30081)
KANE & PAPA, P.C.
1313 East Cary Street
Richmond, VA  23219
(804) 225-9500 (phone)
(804) 225-9598 (fax)
*Counsel for Debtor*

## CERTIFICATE OF SERVICE

I hereby certify that on October 11, 2021, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to all counsel of record who have signed up to receive such notification and by first class mail to all parties on the attached list.

/s/ James E. Kane
James E. Kane

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
Richmond Division

IN RE:                    )

                          )

STEPHANIE DENISE FARRAR   )     Case No. 19−36098−KRH

                          )     Chapter 13

             Debtor      )

## <u>NOTICE OF MOTION AND HEARING</u>

The above Debtor has filed Motion to Approve Loan Modification in the above matter.

<u>Your rights may be affected</u>.  You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case.  (If you do not have an attorney, you may wish to consult one.)

If you do not want the court to grant the relief sought in the motion, or if you want the court to consider your views on the motion, then, within twenty-one (21) days from the date of this Notice you or your attorney must:

- File with the court, at the address shown below, a written request for a hearing [or written response pursuant to Local Bankruptcy Rule 9013-1(H)].  If you mail your request for a hearing (or response) to the court for filing, you must mail it early enough so the court will <u>receive</u> it on or before the date stated above, to:

  Clerk of Court
  United States Bankruptcy Court
  701 East Broad Street
  Richmond, VA  23219

You must also mail a copy to:

  James E. Kane, Esquire
  Kane & Papa, P.C.
  1313 East Cary Street
  Richmond, Virginia 23219

- Attend a hearing scheduled for **November 17, 2021 at 12:00 PM at United States Bankruptcy Court, 701 East Broad Street, Room 5000, Richmond, VA 23219**.  <u>If no timely response has been filed opposing the relief requested, the court may grant the relief without holding a hearing.</u>

4

- **REMOTE HEARING INFORMATION**:

  Due to the COVID−19 public health emergency, no in-person hearings are being held.

  This hearing will take place remotely through Zoom on the date and time scheduled herein.

  To appear at the hearing, you must send, by email, a completed request form (the "Zoom Request Form"), which is available on the Court's internet website at www.vaeb.courts.gov, on the page titled, "Temporary Emergency Provisions Regarding ZoomGov Remote Proceeding Access Information." Email your completed Zoom Request Form to the email address listed for the Judge assigned to the case. Following receipt of your Zoom Request Form, Court staff will respond to the email address from which the request was submitted with additional information on how to participate through Zoom.

  ***The email address shall be used only to submit Zoom Request Forms. No other matters or requests will be considered by Court staff, and under no circumstances will any such matters or requests be brought to the Judge's attention. Failure to comply with these instructions may result in appropriate action, including but not limited to the imposition of sanctions.

  *** **PLEASE NOTE: You MUST submit the Zoom Request Form no later than two (2) business days prior to this hearing. Any documentary evidence the parties wish to present at the hearing must be filed with the Court in advance of the hearing.**

  If you or your attorney do not take these steps, the court may decide that you do not oppose the relief sought in the motion or objection and may enter an order granting that relief.

Dated:  October 11, 2021

STEPHANIE DENISE FARRAR


By: /s/ James E. Kane
                    Counsel

James E. Kane (VSB #30081)
KANE & PAPA, P.C.
1313 East Cary Street
Richmond, VA  23219
(804) 225-9500 (phone)
(804) 225-9598 (fax)
*Counsel for Debtor*

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 11, 2021, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to all counsel of record who have signed up to receive such notification and by first class mail to all parties on the attached list.

/s/ James E. Kane
James E. Kane

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
Richmond Division

| | |
|---|---|
| IN RE: ) | |
| ) | |
| STEPHANIE DENISE FARRAR ) | Case No. 19−36098−KRH |
| ) | Chapter 13 |
| Debtor ) | |

**Summary of Proposed Loan Modification**

| | Original Loan | Modified Loan |
|---|---|---|
| Principal Amount | $162,340.43 | $170,899.00 |
| Interest Rate | 3.75% | 2.8750% |
| Term or Maturity Date | February 1, 2039 | July 1, 2051 |
| Monthly Payment | $1,261.77 | $1,064.33 |

X_  1.   The Modified loan includes future payment changes or balloon payments. The terms of any such payment changes or balloon payments are: $9,928.00 under a HUD partial claim.

__  2.   The modification results in a higher monthly payment. The source of the funds used to make that payment are: _____

_X_  3.   The modification results in a lower monthly payment. Choose one of the following:

____ a. The amount of future plan payments will be increased.

_X_ b. The amount of future plan payments will not be increased.

This Document Prepared By:
**NICOLE ALLMONDJOY**
**WELLS FARGO BANK, N.A.**
**1 HOME CAMPUS**
**DES MOINES, IA 50328**
**(800) 416-1472**

When Recorded Mail To:
**FIRST AMERICAN TITLE CO.**
**FAMS – DTO RECORDING**
**3 FIRST AMERICAN WAY**
**SANTA ANA, CA  92707-9991**

**Tax Map/GPIN #:  796615874200000**
_____ [Space Above This Line for Recording Data] _____

| | |
|---|---|
| **Original Principal Amount: $206,349.00** | **Investor Loan No.:** |
| **Unpaid Principal Amount: $162,340.43** | **Loan No: (scan barcode)** |
| **New Principal Amount: $170,899.00** | |
| **New Money (Cap): $0.00** | |


## LOAN MODIFICATION AGREEMENT (DEED OF TRUST)

**Tax Exempt per Virginia State Code 58.1-803(D) or 58.1-809**
**taxes paid at instrument # 1992 and/or  book 8561 and  page 0135**

Executed on this day: **JULY 9, 2021**



Borrower ("I")[1]: **STEPHANIE D FARRAR SINGLE**
Borrower Mailing Address: **20019 ROOSEVELT AVE, SOUTH CHESTERFIELD, VA 23834**
Lender or Servicer ("Lender"): **WELLS FARGO BANK, N.A.**
Lender or Servicer Address: **1 HOME CAMPUS, DES MOINES, IA 50328**
Date of first lien mortgage, deed of trust, or security deed ("Mortgage") **JANUARY 15, 2009** and the Note ("Note") date of **JANUARY 15, 2009 and Recorded on JANUARY 21, 2009 in INSTRUMENT NO. 1992  BOOK 8561  PAGE 0135, of the Official Records of COLONIAL HEIGHTS CITY COUNTY, VIRGINIA**

Property Address ("Property"): **20019 ROOSEVELT AVE, COLONIAL HEIGHTS, VIRGINIA 23834**

Legal Description:

**SEE EXHIBIT "A" ATTACHED HERETO AND MADE A PART HEREOF:**

---

[1] If there is more than one Borrower or Mortgagor executing this document, each is referred to as "I." For purposes of this document words signifying the singular (such as "I") shall include the plural (such as "we") and vice versa where appropriate.

Wells Fargo Custom FHA Loan Modification Agreement
05312021_448

This FHA Loan Modification Agreement ("Agreement") is made on **JULY 9, 2021** by and between Borrower, as obligor(s), or as title holder(s) to the Property, as the context may require, and Lender. Borrower's obligations under the Note are secured by a properly recorded Mortgage, dated the same date as the Note encumbering the Property. Borrower agrees that, except as expressly modified in this Agreement, the Note and the Mortgage remain in full force and effect and are valid, binding obligations upon Borrower, except as discharged in Bankruptcy, and are properly secured by the Property. Nothing in this Agreement shall be understood or construed to be a satisfaction or release, in whole or in part of the Borrower's obligations under the Loan Documents.

If my representations in Section 1, Borrower Representations, continue to be true in all material respects, then this Agreement will, as set forth in Section 3, amend and supplement (1) the Mortgage on the Property, and (2) the Note secured by the Mortgage. The Mortgage and Note together, as they may previously have been amended, are referred to as the "Loan Documents." Capitalized terms used in this Agreement and not defined have the meaning given to them in the Loan Documents.

1. **Borrower Representations**.

   I certify, represent to Lender and agree:

   A. I am experiencing a financial hardship, and as a result, (i) I am in default under the terms of the Loan Documents, and (ii) I do not have sufficient income or access to sufficient liquid assets to make the monthly mortgage payments now or in the near future; I did not intentionally or purposefully default on the terms of the Loan Documents in order to obtain a loan modification;

   B. I certify the Property is not condemned and is not vacant without the intent to re-occupy;

   C. There has been no impermissible change in the ownership of the Property since I signed the Loan Documents;

   D. I have provided documentation for **all** income that I receive (and I understand that I am not required to disclose child support or alimony unless I chose to rely on such income when requesting to qualify for the FHA Loan Modification Agreement;

   E. Under penalty of perjury, all documents and information I have provided to Lender in connection with this Agreement, including the documents and information regarding my eligibility for the Program, are true and correct;

Wells Fargo Custom FHA Loan Modification Agreement
05312021_443



F. If Lender requires me to obtain credit counseling in connection with the Program, I will do so; and,

G. Borrower filed for relief under Chapter **13** of the United States Bankruptcy Code on **NOVEMBER 19, 2019**.

H. This Agreement is only valid once consent of the United States Bankruptcy Court or other applicable approval to modify this mortgage is received.

I. Notwithstanding anything to the contrary contained in this Agreement, Borrower acknowledges that Lender retains certain rights, including but not limited to the right to foreclose its lien evidenced by the Security Instrument under appropriate circumstances. Borrower and Lender agree that the consideration for this Agreement is Lender's forbearance from presently exercising its rights and pursuing its remedies under the Security Instrument as a result of Borrower's default thereunder. Nothing in this Agreement shall be construed to be an attempt to collect against Borrower personally or an attempt to revive personal liability.

J. Borrower desires to retain the Property securing the Note, and acknowledges that Lender's security interest and lien are still valid and enforceable.

K. Borrower acknowledges and understands that he/she is not obligated to enter into this Agreement, and that he/she is entering into this Agreement at Borrower's request, voluntarily and with no coercion or pressure from Lender, for the sole purpose of retaining the Property.

2. **Acknowledgements and Preconditions to Modification.**

I understand and acknowledge that:

A. If prior to the Modification Effective Date as set forth in Section 3 the Lender determines that my representations in Section 1 are no longer true and correct, the Loan Documents will not be modified and this Agreement will terminate. In this event, the Lender will have all of the rights and remedies provided by the Loan Documents; and

B. I understand that the Loan Documents will not be modified unless and until (i) I receive from the Lender a copy of this Agreement signed by the Lender, and (ii) the Modification Effective Date (as defined in Section 3) has occurred. I further understand and agree that the Lender will not be obligated or bound to make any modification of the Loan Documents if I fail to meet any one of the requirements



under this Agreement.

C.  If included, the undersigned borrower(s) acknowledges receipt and acceptance of
the Notice of Special Flood Hazard disclosure.

3.  **The Modification**.

If my representations in Section 1 continue to be true in all material respects and all
preconditions to the modification set forth in Section 2 have been met, the Loan
Documents will automatically become modified on **AUGUST 1, 2021** (the
"Modification Effective Date") and all unpaid late charges that remain unpaid will be
waived. I understand that if I have failed to make all required payments as a precondition
to this modification under a workout plan or trial period plan if required, the Lender has
the right to reject this Agreement even if I have signed and returned this Agreement. The
first modified payment will be due on **AUGUST 1, 2021**.

A.  The new Maturity Date will be: **JULY 1, 2051**.

B.  The modified principal balance of the Note will include amounts and arrearages
that will be past due as of the Modification Effective Date. This does not include
unpaid late charges, valuation, property preservation and other charges not
permitted under the terms of the FHA Loan Modification Agreement. Permitted
amounts and arrearages may include unpaid and deferred interest, fees, escrow
advances and other costs less any amounts paid to the Lender but not previously
credited to the Loan, collectively "Unpaid Amounts"; the portion of Unpaid
Amounts capitalized is **$8,558.57**. The new principal balance of the Note will be
**$170,899.00** (the "New Principal Balance") which includes the capitalized Unpaid
Amounts. I understand that by agreeing to add the Unpaid Amounts to
the outstanding principal balance, the added Unpaid Amounts accrue interest based on
the interest rate in effect under this Agreement. I also understand that this means
interest will now accrue on the unpaid Interest that is added to the outstanding
principal balance, which would not happen without this Agreement.

C.  With the modification you will have a total partial claim due of **$9,928.80**, which
includes **$0.00** that has been reduced from the Unpaid Principal Balance to reach
the New Principal Balance above. This Agreement is conditional on the proper
execution and recording of this HUD Partial Claim.

D.  Interest at the rate of **2.8750%** will begin to accrue on the Interest Bearing
Principal Balance as of **JULY 1, 2021** and the first new monthly payment on the
Interest Bearing Principal Balance will be due on **AUGUST 1, 2021**. Interest due



on each monthly payment will be calculated by multiplying the New Principal/Interest Bearing Principal Balance and the interest rate in effect at the time of calculation and dividing the result by twelve (12). The payment schedule for the modified Loan is as follows:

| Months | Interest Rate | Interest Rate Change Date | Monthly Principal and Interest Payment | Monthly Escrow Payment Amount* | Total Monthly Payment* | Payment Begins On |
|---|---|---|---|---|---|---|
| 360 | 2.8750% | 07/01/2021 | $709.05 | $355.28 | $1,064.33 | 08/01/2021 |

**\*After the modification is complete, escrow payments adjust at least annually in accordance with applicable law therefore, the total monthly payment may change accordingly.**

The above terms shall supersede any provisions to the contrary in the Loan Documents, including but not limited to, provisions for an adjustable or step interest rate.

I understand that, if I have a pay option adjustable rate mortgage loan, upon modification, the minimum monthly payment option, the interest-only or any other payment options will no longer be offered and that the monthly payments described in the above payment schedule for the modified loan will be the minimum payment that will be due each month for the remaining term of the loan. The modified loan will not have a negative amortization feature that would allow me to pay less than the interest due resulting in any unpaid interest to be added to the outstanding principal balance.

E. I will be in default if I do not comply with the terms of the Loan Documents, as modified by this Agreement.

F. If a default rate of interest is permitted under the Loan Documents, then in the event of default under the Loan Documents, as amended, the interest that will be due will be the rate set forth.

4. **Additional Agreements.**

I agree to the following:

A. That all persons who signed the Loan Documents or their authorized representative(s) have signed this Agreement, unless (i) a borrower or co-borrower



is deceased; (ii) the borrower and co-borrower are divorced and the property has been transferred to one spouse in the divorce decree, the spouse who no longer has an interest in the property need not sign this Agreement (although the non-signing spouse may continue to be held liable for the obligation under the Loan Documents); or (iii) the Lender has waived this requirement in writing.

B.  That this Agreement shall supersede the terms of any modification, forbearance, Trial Period Plan or Mortgage Assistance that I previously entered into with Lender.

C.  To comply, except to the extent that they are modified by this Agreement, with all covenants, agreements, and requirements of Loan Documents including my agreement to make all payments of taxes, insurance premiums, assessments, Escrow Items, impounds, and all other payments, the amount of which may change periodically over the term of the Loan.

D.  That this Agreement constitutes notice that the Lender's waiver as to payment of Escrow Items, if any, has been revoked, and I have been advised of the amount needed to fully fund the escrow account.

E.  **Funds for Escrow Items.** I will pay to Lender on the day payments are due under the Loan Documents as amended by this Agreement, until the Loan is paid in full, a sum (the "Funds") to provide for payment of amounts due for: (a) taxes and assessments and other items which can attain priority over the Mortgage as a lien or encumbrance on the Property; (b) leasehold payments or ground rents on the Property, if any; (c) premiums for any and all insurance required by Lender under the Loan Documents;  (d) mortgage insurance premiums, if any, or any sums payable to Lender in lieu of the payment of mortgage insurance premiums in accordance with the Loan Documents; and (e) any community association dues, fees, and assessments that Lender requires to be escrowed. These items are called "Escrow Items." I shall promptly furnish to Lender all notices of amounts to be paid under this section. I shall pay Lender the Funds for Escrow Items unless Lender waives the obligation to pay the Funds for any or all Escrow Items. Lender may waive my obligation to pay to Lender Funds for any or all Escrow Items at any time. Any such waiver may only be in writing. In the event of such waiver, I shall pay directly, when and where payable, the amounts due for any Escrow Items for which payment of Funds has been waived by Lender and, if Lender requires, shall furnish to Lender receipts evidencing such payment within such time period as Lender may require. The obligation to make such payments and to provide receipts shall for all purposes be deemed to be a covenant and agreement contained

Wells Fargo Custom FHA Loan Modification Agreement
05312021_448



in the Loan Documents, as the phrase "covenant and agreement" is used in the Loan Documents. If I am obligated to pay Escrow Items directly, pursuant to a waiver, and I fail to pay the amount due for an Escrow Item, Lender may exercise its rights under the Loan Documents and this Agreement and pay such amount and I shall then be obligated to repay to Lender any such amount. Lender may revoke the waiver as to any or all Escrow Items at any time by a notice given in accordance with the Loan Documents, and, upon such revocation, I shall pay to Lender all Funds, and in such amounts, that are then required under this section.

Lender may, at any time, collect and hold Funds in an amount (a) sufficient to permit Lender to apply the Funds at the time specified under the Real Estate Settlement Procedures Act ("RESPA"), and (b) not to exceed the maximum amount a lender can require under RESPA. Lender shall estimate the amount of Funds due on the basis of current data and reasonable estimates of expenditures of future Escrow Items or otherwise in accordance with applicable law.

The Funds shall be held in an institution whose deposits are insured by a federal agency, instrumentality, or entity (including Lender, if Lender is an institution whose deposits are so insured) or in any Federal Home Loan Bank. Lender shall apply the Funds to pay the Escrow Items no later than the time specified under RESPA. Lender shall not charge me for holding and applying the Funds, annually analyzing the escrow account, or verifying the Escrow Items, unless Lender pays me interest on the Funds and applicable law permits Lender to make such a charge. Unless an agreement is made in writing or applicable law requires interest to be paid on the Funds, Lender shall not be required to pay me any interest or earnings on the Funds. Lender and I can agree in writing, however, that interest shall be paid on the Funds. Lender shall provide me, without charge, an annual accounting of the Funds as required by RESPA.

If there is a surplus of Funds held in escrow, as defined under RESPA, Lender shall account to me for the excess Funds in accordance with RESPA. If there is a shortage of Funds held in escrow, as defined under RESPA, Lender shall notify me as required by RESPA, and I shall pay to Lender the amount necessary to make up the shortage in accordance with RESPA, but in no more than 12 monthly payments. If there is a deficiency of Funds held in escrow, as defined under RESPA, Lender shall notify me as required by RESPA, and I shall pay to Lender the amount necessary to make up the deficiency in accordance with RESPA, but in no more than 12 monthly payments.

Upon payment in full of all sums secured by the Loan Documents, Lender shall promptly refund to me any Funds held by Lender.



F.  That the Loan Documents are composed of duly valid, binding agreements, enforceable in accordance with their terms and are hereby reaffirmed.

G.  That all terms and provisions of the Loan Documents, except as expressly modified by this Agreement, remain in full force and effect; nothing in this Agreement shall be understood or construed to be a satisfaction or release in whole or in part of the obligations contained in the Loan Documents; and that except as otherwise specifically provided in, and as expressly modified by, this Agreement, the Lender and I will be bound by, and will comply with, all of the terms and conditions of the Loan Documents.

H.  That, as of the Modification Effective Date, notwithstanding any other provision of the Loan Documents, I agree as follows: If all or any part of the Property or any interest in it is sold or transferred without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by the Mortgage. However, Lender shall not exercise this option if federal law prohibits the exercise of such option as of the date of such sale or transfer. If Lender exercises this option, Lender shall give me notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which I must pay all sums secured by the Mortgage. If I fail to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by the Mortgage without further notice or demand on me.

I.  That, as of the Modification Effective Date, I understand that the Lender may only allow the transfer and assumption of the Loan, including this Agreement, to a transferee of the property as permitted under the Garn St. Germain Act, 12 U.S.C. Section 1701j-3. A buyer or transferee of the Property will not be permitted, under any other circumstance, to assume the Loan. Except as noted herein, this Agreement may not be assigned to, or assumed by, a buyer or transferee of the Property.

J.  That, as of the Modification Effective Date, if any provision in the Note or in any addendum or amendment to the Note allowed for the assessment of a penalty for full or partial prepayment of the Note, such provision is null and void.

K.  That, I will cooperate fully with Lender in obtaining any title endorsement(s), or similar title insurance product(s), and/or subordination agreement(s) that are necessary or required by the Lender's procedures to ensure that the modified mortgage loan is in first lien position and/or is fully enforceable upon modification and that if, under any circumstance and not withstanding anything else to the contrary in this Agreement, the Lender does not receive such title endorsement(s),



title insurance product(s) and/or subordination agreement(s), then the terms of this Agreement will not become effective on the Modification Effective Date and the Agreement will be null and void.

L.  That I will execute such other documents as may be reasonably necessary to either (i) consummate the terms and conditions of this Agreement; or (ii) correct the terms and conditions of this Plan if an error is detected after execution of this Agreement. I understand that a corrected Agreement will be provided to me and this Agreement will be void and of no legal effect upon notice of such error. If I elect not to sign any such corrected Agreement, the terms of the original Loan Documents shall continue in full force and effect, such terms will not be modified by this Agreement, and I will not be eligible for a modification.

M. That Lender will collect and record personal information, including, but not limited to, my name, address, telephone number, social security number, credit score, income, payment history, government monitoring information, and information about account balances and activity. In addition, I understand and consent to the disclosure of my personal information and the terms of the Trial Period Plan if required and this Agreement by Lender to (a) any investor, insurer, guarantor or servicer that owns, insures, guarantees or services my first lien or subordinate lien (if applicable) mortgage loan(s); (b) companies that perform support services for the FHA Loan Modification Agreement; and (c) any HUD certified housing counselor.

N. I agree, that if any document related to the Loan Documents and/or this Agreement is lost, misplaced, misstated, inaccurately reflects the true and correct terms and conditions of the loan as modified, or is otherwise missing, I will comply with the Lender's request to execute, acknowledge, initial and deliver to the Lender any documentation the Lender deems necessary. If the original promissory note is replaced, the Lender hereby indemnifies me against any loss associated with a demand on the original note. All documents the Lender requests of me under this section shall be referred to as "Documents." I agree to deliver the Documents within fifteen (15) days after I receive the Lender's written request for such replacement.

O. That the mortgage insurance premiums on the Loan, if applicable, may increase as a result of the capitalization which will result in a higher total monthly payment. Furthermore, the date on which I may request cancellation of mortgage insurance may change as a result of the New Principal Balance.

P. CORRECTION AGREEMENT: The undersigned Borrower(s), for and in



consideration of the approval, closing and funding of this modification, hereby grants Wells Fargo Home Mortgage , as lender, limited power of attorney to correct and/or initial all typographical or clerical errors discovered in the Agreement required to be signed. In the event this limited power of attorney is exercised, the undersigned will be notified and receive a copy of the document executed or initialed on their behalf. This provision may not be used to modify the interest rate, modify the term, modify the outstanding principal balance or modify the undersigned's monthly principal and interest payments as modified by this Agreement. Any of these specified changes must be executed directly by the undersigned. This limited power of attorney shall automatically terminate in 180 days from the closing date of the undersigned's modification, or the date any and all documents that the lender requires to be recorded have been successfully recorded at the appropriate office, whichever is later. Borrower agrees to make and execute such other documents or papers as necessary or required to effectuate the terms and conditions of this Agreement which, if approved and accepted by Lender, shall bind and inure to their heirs, executors, administrators, and assigns of the Borrower.

Q. Borrower must deliver to Wells Fargo Home Mortgage a properly signed Modification Agreement by **AUGUST 3, 2021**. If Borrower does not return a properly signed Modification Agreement by this date, Wells Fargo Home Mortgage may deny or cancel the modification. If Borrower returns the properly signed Modification Agreement by said date, payments pursuant to the loan Modification Agreement are due as outlined in this Modification Agreement. Wells Fargo Home Mortgage may deny or cancel this loan Modification Agreement if Borrower fails to make the first payment due pursuant to this loan Modification Agreement.

R. **This Agreement modifies an obligation secured by an existing security instrument recorded in COLONIAL HEIGHTS CITY COUNTY, VIRGINIA, upon which all recordation taxes have been paid. As of the date of this Agreement, the unpaid principal balance of the original obligation secured by the existing security instrument is $162,340.43. The principal balance secured by the existing security instrument as a result of this Agreement is S170,899.00, which amount represents the excess of the unpaid principal balance of this original obligation.**

**All Borrowers are required to sign and date this Agreement in blue or black ink only as the Borrowers' name appears below. If signed using any other color or method, the document may not be accepted and another copy of the Agreement may be sent to the Borrower to be signed.**

**By signing below, all Borrowers certify they have read this Agreement in its entirety,**

Wells Fargo Custom FHA Loan Modification Agreement
05312021_448

that all Borrowers know and understand the meaning and intent of this Agreement and that all Borrowers enter into this Agreement knowingly and voluntarily. By signing below, all Borrowers agree to all terms and conditions described on every page of this Agreement.

In Witness Whereof, I have executed this Agreement.

_Stephanie D. Farrar_                              7-26-2021

Borrower:**STEPHANIE D FARRAR**                    **Date**

## BORROWER ACKNOWLEDGMENT

State of _Virginia_

County of _Chesterfield_

The foregoing instrument was acknowledged before me this
_____07-26-2021_____ (date) by **STEPHANIE D FARRAR** (name of person acknowledged)

_Vera Monae Johnson_

Notary Public

Printed Name: _Vera Monae Johnson_

My commission expires: _10-31-2022_

Vera Monae Johnson
Notary Public
Reg #7784241
Commonwealth of Virginia
My Commission Expires Oct. 31, 2022

In Witness Whereof, the Lender has executed this Agreement.

**WELLS FARGO BANK, N.A.**

By _____    8|26|2021
        Nicholas James Keller      (print name)
      V ce President Loan Documentation (title)                    Date

_____ [Space Below This Line for Acknowledgments] _____

**LENDER ACKNOWLEDGMENT**

**STATE OF** _Minnesota_

**COUNTY OF** _Ramsey_

This instrument was acknowledged before me

_Aug 26, 2021_ (date) by _Nicholas James Keller_

(name(s) of person(s)) as _Vice President Loan Documentation_ (type of authority, e.g.,

officer, trustee, etc.) of **WELLS FARGO BANK, N.A.** (name of party on behalf of whom

the instrument was executed).

_____
Notary Public

            Nicole Christine Reno

Printed Name: _____

My Commission Expires:

_Jan 31, 2024_

NICOLE CHRISTINE RENO
NOTARY PUBLIC - MINNESOTA
MY COMMISSION EXPIRES 01/31/24

**EXHIBIT A**

**BORROWER(S): STEPHANIE D FARRAR SINGLE**

**LOAN NUMBER: (scan barcode)**

**LEGAL DESCRIPTION:**

The land referred to in this document is situated in the **CITY OF COLONIAL HEIGHTS, COUNTY OF COLONIAL HEIGHTS CITY, STATE OF VIRGINIA, and described as follows:**

**KNOWN, NUMBERED AND DESIGNATED ON A PLAT SHOWING SUBDIVISION OF WEST CHESTERFIELD HEIGHTS, MADE BY J. W. PUGH, C.E., AND DULY RECORDED IN THE CLERK'S OFFICE OF THE CIRCUIT COURT OF CHESTERFIELD COUNTY, VIRGINIA, IN PLAT BOOK 8, AT PAGE 49, AS LOT FIFTEEN (15), IN BLOCK "J", REFERENCE TO WHICH PLAT IS HEREBY MADE.**

**ALSO KNOWN AS: 20019 ROOSEVELT AVE, COLONIAL HEIGHTS, VIRGINIA 23834**



Allied Cash Advance
3822 Jefferson Davis Highway
Fredericksburg, VA 22408

Ascendium Education Solutions
PO Box 8961
Madison, WI 53708

Boleman Law Firm
2104 W Laburnum Ave Suite 201
Richmond, VA 23227

Capital One Auto Finance
PO Box 259407
Plano, TX 75025

Check City
2729 B West Broad Street
Richmond, VA 23220

Chesterfield County Treasurer
P.O. Box 70
Chesterfield, VA 23832-0906

Comcast Cable
C/o Credit Management
PO Box 118288
Carrollton, TX 75011

Credit One Bank
P.O. Box 98873
Las Vegas, NV 89193

Fast Auto Loans
6150 Midlothian Turnpike
Richmond, VA 23225

Fort Lee Federal Credit Union
3510 A Avenue
Fort Lee, VA 23801

Jefferson Capital Systems
c/o FNCB
610 Waltham Way
McCarren, NV 89434

Peoples Advantage FCU
PO Box 3180
Petersburg, VA 23805


Pra Receivables Management LLC
P. O. Box 12914
Norfolk, VA 23541


US Department of Education
PO Box 105028
National Payment Center
Atlanta, GA 30348-5028


Wells Fargo Home Mortgage
PO Box 10335
Des Moines, IA 50306